**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| MIA MICHELLE DAUGHERTY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23-CV-00609-NCC |
| ) | |
| MARK MCCLOSKEY and ) | |
| PATRICIA MCCLOSKEY, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Mia Michelle Daugherty for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, the Court will direct plaintiff to show cause as to why this case should not be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To avoid dismissal, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as

true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a self-represented litigant who brings this civil action against Mark and Patricia McCloskey. She asserts that the Court has federal question jurisdiction under RSMo § 571.030, and because the federal court and the St. Louis Metropolitan Police are involved. (Docket No. 1 at 4). Plaintiff has also filled out the section of the form complaint suggesting that diversity jurisdiction is present, but admits that both she and defendants are Missouri citizens. (Docket No.

1 at 4-5). The complaint contains allegations that defendants pointed guns at plaintiff during a protest.

In the "Statement of Claim," plaintiff asserts that on June 28, 2020, she was part of a group of peaceful protesters. (Docket No. 1 at 6). As the protest turned onto a street called "Portland PL," plaintiff saw "a man standing on the side of his home pointing a rifle at the protestors." Plaintiff states that she "proceeded to walk up the street" with her group, whereupon a woman came out of the house. According to plaintiff, the woman looked disoriented and had a handgun with her finger on the trigger. She alleges that the woman – who she identifies as Patricia McCloskey – pointed the gun at her. Plaintiff states that she yelled at Patricia McCloskey, saying "what are you doing, we are not here for you." Patricia McCloskey purportedly yelled back "I don't care!"

Plaintiff states that she has "suffered PTSD from this incident," and that it has affected her life, her work, her relationship with her children, and her relationships with others. She asserts that "due to the negligent behavior of Mark and Patricia McCloskey," she has suffered anxiety and depression. Plaintiff contends that both defendants have caused her to go to therapy. She also insists that both defendants have "used the images from that day to capitalize off of [her] pain and suffering," including going "onto the media to slander [her] position as a protester," and eventually running "for office with the same images that caused [her so] much pain."

With regard to relief, plaintiff states that she is seeking monetary damages for intentional infliction of emotional distress, and for the violation of her civil rights. Specifically, she asks for $20 million in punitive damages. (Docket No. 1 at 7).

In an attached "Memorandum for Clerk," plaintiff repeats that her civil rights were violated, and that she was diagnosed with PTSD due to the events on June 28, 2020. (Docket No. 1 at 8). She further notes that both Mark and Patricia McCloskey were "found guilty of unlawful

use of a weapon," and "both attempted to retrieve their weapons in 2022, but were denied." Plaintiff notes that they have shown no remorse, and have built notoriety "off of [her] pain."

## Discussion

Plaintiff is a self-represented litigant who has filed a civil action against Mark and Patricia McCloskey, alleging that they violated her civil rights by pointing weapons at her during a protest. Because she is proceeding in forma pauperis, the Court reviewed her complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court will direct plaintiff to show cause as to why this action should not be dismissed for lack of subject matter jurisdiction.

### A. Federal Subject Matter Jurisdiction

Subject matter jurisdiction refers to a court's power to decide a certain class of cases. *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 799 (8th Cir. 2006). "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). *See also Gunn v. Minton*, 568 U.S. 251, 256 (2013) ("Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute"). The presence of subject matter jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990). *See also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). "Subject matter jurisdiction can never be waived or forfeited." *Wagstaff & Cartmell, LLP v. Lewis*, 40 F.4th 830, 838 (8th Cir. 2022).

Because jurisdiction is a threshold requirement, the issue of subject matter jurisdiction may be raised at any time, by any party or the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976,

982 (8th Cir. 2009). *See also City of Kansas City, Mo. v. Yarco Co., Inc.*, 625 F.3d 1038, 1040 (8th Cir. 2010) ("Federal courts have an independent duty to determine subject matter jurisdiction, even where the matter is raised for the first time on appeal and on the court's own motion"). The burden of proving subject matter jurisdiction belongs to the plaintiff. *V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000). *See also Magee v. United States*, 9 F.4th 675, 680 (8th Cir. 2021) ("The burden of proving the existence of subject matter jurisdiction rests with the party invoking federal jurisdiction").

Federal courts have subject matter jurisdiction over both federal question cases and diversity of citizenship cases. *See Auto-Owners Ins. Co. v. Tribal Court of Spirit Lake Indian Reservation*, 495 F.3d 1017, 1020 (8th Cir. 2007) (finding that subject matter jurisdiction is lacking if neither diversity of citizenship nor federal question jurisdiction applies); and *McLaurin v. Prater*, 30 F.3d 982, 984-85 (8th Cir. 1994) (noting that Congress has directed that district courts shall have jurisdiction in both federal question and diversity cases). In this case, plaintiff suggests that both types of jurisdiction are present. Upon the Court's review, however, she has not adequately asserted either type.

### B. Federal Question Jurisdiction

Federal question jurisdiction gives district courts "original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States." *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015). *See also* 28 U.S.C. § 1331. Whether a claim arises under federal law is determined by reference to the "well-pleaded complaint." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016). The well-pleaded complaint rule provides that jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Markham v. Wertin*, 861 F.3d

5

748, 754 (8th Cir. 2017). *See also Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1139 (8th Cir. 2014) ("Under the well-pleaded complaint rule, a federal question must exist on the face of the plaintiff's properly pleaded complaint in order to establish federal question subject matter jurisdiction").

Plaintiff's complaint must establish "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998). *See also Northwest South Dakota Production Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986) (stating that "[a] non-frivolous claim of a right or remedy under a federal statute is sufficient to invoke federal question jurisdiction"). "If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate." *Biscanin v. Merrill Lynch & Co., Inc.*, 407 F.3d 905, 907 (8th Cir. 2005).

In this case, plaintiff has not presented a federal question on the face of her complaint. Her proposed basis for federal question jurisdiction is RSMo § 571.030. This is a Missouri criminal statute regarding the unlawful use of a weapon. There appear to be no federal statutes, federal treaties, or constitutional provisions at issue in this case. Plaintiff is not suing a federal agency or employee. While plaintiff mentions the involvement of the St. Louis Metropolitan Police in these events, they are nowhere present in the "Statement of Claim."

Based on plaintiff's references to civil rights violations, it appears she may be attempting to bring an action under 42 U.S.C. § 1983. However, she has not alleged that defendants are state actors or acted under color of state law. To the contrary, they are alleged to be homeowners who apparently pointed weapons at protesters who were on their street.

6

For all of these reasons, plaintiff has not carried her burden of showing the existence of federal question jurisdiction.

### C. Diversity of Citizenship Jurisdiction

"Under 28 U.S.C. § 1332(a), district courts have original diversity jurisdiction over civil actions when the matter in controversy exceeds $75,000, without considering interest and costs, and when the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). Subject matter jurisdiction premised upon diversity of citizenship is measured by "the state of facts that existed at the time of filing." *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 571 (2004).

With regard to the amount in controversy, a complaint making a good faith allegation of the jurisdictional amount is sufficient to confer jurisdiction. *Scottsdale Ins. Co. v. Universal Crop Prot. All., LLC*, 620 F.3d 926, 931 (8th Cir. 2010). However, a "complaint will be dismissed if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Id*. *See also Kopp v. Kopp*, 280 F.3d 883, 884 (8th Cir. 2002). "The legal certainty standard is met where the legal impossibility of recovery is so certain as virtually to negative the plaintiff's good faith in asserting the claim." *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 995 (8th Cir. 2017).

As to diversity of the parties, "[c]omplete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). Diversity jurisdiction requires that the parties be citizens of different states, not merely residents. *Sanders*, 823 F.2d at 216. For purposes of diversity, state citizenship "requires an individual's physical presence in the state coupled with an indefinite intention there to remain." *Blakemore v. Missouri Pac. R.R. Co.*, 789 F.2d 616, 618 (8th Cir. 1986). "Once an individual has established his state citizenship, he remains a citizen of that

7

state until he legally acquires a new state of citizenship." *Eckerberg v. Inter-State Studio & Publishing Co.*, 860 F.3d 1079, 1086 (8th Cir. 2017).

In this case, plaintiff seeks damages well in excess of the threshold amount. Nevertheless, she has failed to show that diversity exists, because she shares citizenship with the defendants. Therefore, plaintiff has not carried her burden of showing the existence of diversity of citizenship jurisdiction.

### D. Order to Show Cause

Subject matter jurisdiction is a threshold inquiry in every federal court, and cannot be waived. *See Nuevos Destinos, LLC v. Peck*, 999 F.3d 641, 646 (8th Cir. 2021). Plaintiff bears the burden of properly asserting the Court's jurisdiction. *See Two Eagle v. United States*, 57 F.4th 616, 620 (8th Cir. 2023) ("The plaintiff bears the burden to establish subject-matter jurisdiction"). If the Court determines – at any time – that it lacks subject matter jurisdiction, it must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3).

As discussed above, plaintiff has failed to establish the existence of either federal question or diversity of citizenship jurisdiction. The case is thus subject to dismissal. Before dismissing, the Court will give plaintiff the opportunity to show cause as to why this action should not be dismissed. Plaintiff will be given **thirty (30) days** from the date of this order in which to submit a written response establishing the Court's jurisdiction over this matter. If plaintiff fails to respond within **thirty (30) days** from the date of this order, this action will be dismissed without prejudice and without further notice.

### E. Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. (Docket No. 3). In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721

8

F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. In particular, plaintiff has been ordered to show cause as to why this case should not be dismissed for lack of subject matter jurisdiction. The Court will entertain future motions for appointment of counsel as the case progresses, if appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 3) is **DENIED** at this time.

**IT IS FURTHER ORDERED** that plaintiff shall show cause in writing and within **thirty (30) days** of the date of this order as to why this case should not be dismissed for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that if plaintiff fails to show cause in writing and within **thirty (30) days** of the date of this order as to why this case should not be dismissed for lack of subject matter jurisdiction, the Court will dismiss this action without prejudice and without further notice.

Dated this 16th day of May, 2023.

/s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE